NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAY 21 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| EDUARDO LUIS RODRIGUEZ CASTRO, AKA Eduardo Luis Rodriguez, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No. 15-71660 <br><br> Agency No. A094-456-001 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted May 15, 2018**

Before: SILVERMAN, BEA, and WATFORD, Circuit Judges.

Eduardo Luis Rodriguez Castro, native and citizen of El Salvador, petitions

for review of the Board of Immigration Appeals' ("BIA") order dismissing his

appeal from an immigration judge's decision denying his application for asylum,

withholding of removal, and relief under the Convention Against Torture ("CAT").

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law, *Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that deference is owed to the BIA's determination of the governing statutes and regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review for substantial evidence the agency's factual findings. *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009). We deny the petition for review.

The agency did not err in finding that Rodriguez Castro failed to establish membership in a cognizable social group. *See Reyes v. Lynch*, 842 F.3d 1125, 1137-38 (9th Cir. 2016) (proposed social group of former gang members who have returned to El Salvador is not cognizable); *Arteaga v. Mukasey*, 511 F.3d 940, 945-46 (9th Cir. 2007) (concluding that former gang members "is far too unspecific and amorphous to be called a social group, whether that person is tattooed or not"). In light of our conclusion, we do not reach Rodriguez Castro's contentions as to emotional or psychological trauma. Thus, Rodriguez Castro's asylum and withholding of removal claims fail.

Substantial evidence supports the agency's denial of CAT relief because Rodriguez Castro failed to establish it is more likely than not that he will be tortured with the consent or acquiescence of the government of El Salvador. *See Wakkary*, 558 F.3d at 1067-68.

**PETITION FOR REVIEW DENIED.**

2                                                                                              15-71660